| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

ROBERT DANIEL DAVIS, §
§
    Movant, §
§
*versus* § CIVIL ACTION NO. 1:14-CV-378
§
UNITED STATES OF AMERICA, §
§
    Respondent. §

**MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant Robert Daniel Davis, a federal prisoner, proceeding *pro se,* filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the motion as barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. Movant contends that the statute of limitations does not apply to this motion because there was a fundamental miscarriage of justice when he was allowed to

waive his right to counsel and represent himself. A criminal defendant has a constitutional right to represent himself in federal court. *Faretta v. California*, 422 U.S. 806, 815-21 (1975). If the defendant unequivocally informs the court of his desire to represent himself, the court must conduct a hearing to determine whether the defendant is knowingly and intelligently waiving his right to counsel. *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008). In this case, the record reflects that movant unequivocally asserted his right to represent himself, and the magistrate judge thoroughly cautioned movant about the dangers of representing himself. It is clear from the record, including the transcript of the hearing, that movant's waiver of counsel was knowingly and intelligently made. Therefore, allowing movant to exercise his right to represent himself did not result in a fundamental miscarriage of justice.

In addition, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the motion was denied on procedural grounds, the movant must show

that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certification of appealability.

## ORDER

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A certificate of appealability will not be issued. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 20th day of November, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE